IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL TITUS,
also known as Iamsui Titus                                                                                           PLAINTIFF

v.    Civil No. 6:24-CV-06040-SOH-BAB

GUCCI STORE FRANCHISE AND DISTRIBUTION;
GIVENDY DISTRIBUTION; BACK TO THE FUTURE (the Movie);
TAYLOR SWIFT; LIV MORGAN; CARDI B.T.; PARIS HILTON;
METH DISTRIBUTORS; BATMAN, also known as Ben Affleck;
GHOSTRIDER; THE PET CEMETERY; SOCIAL SECURITY
ADMINISTRATION; HARLEY QUINN AND THE NEW
JUSTICE LEAGUE II; ROWSY; MICHAEL MYERS (Movie);
THE MASSACRES ON HAUNTED HILL ACTORS; and
MICHAEL JACKSON, Neverland,                                                                                     DEFENDANTS.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Michael Titus, a prisoner at the Omega Center, Arkansas Division of Correction ("ADC"), has initiated the above-captioned civil action.  (ECF No. 1).  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Upon preliminary review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"), this Court ordered Plaintiff to submit an amended complaint by April 15, 2024, failing which this matter would be subject to dismissal for failure to prosecute.  (ECF No. 2).  This Court also ordered Plaintiff to submit a complete *in forma pauperis* ("IFP") application or to pay the full filing fee of $405.00 by that same date.  *Id.*  When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute.  (ECF No. 4).

1

Plaintiff's response to the show cause order was due May 10, 2024. *Id.* On April 29, 2024, Plaintiff submitted an IFP application, (ECF No. 5), and on April 30, 2024, Plaintiff filed an Amended Complaint, (ECF No. 6). While that IFP application is deficient because it does not include his certificate of inmate account and assets form as required by law, *see* 28 U.S.C. § 1915(a)(2), Plaintiff submitted that form in a civil complaint he filed contemporaneously with this one. *See Titus v. World Book, et al.*, Case No. 6:24-cv-06039-SOH (W.D. Ark. Mar. 25, 2024) (ECF No. 5) ("*Titus I*"). Accordingly, after directing the Clerk to docket that certificate of inmate accounts and assets form into this case, (ECF No. 7), this Court granted Plaintiff's Motion to Proceed IFP, (ECF No. 9).

Plaintiff's Amended Complaint is therefore now before the Court for preservice review consistent with the PLRA. Pursuant to 28 U.S.C. § 1915A of the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Plaintiff's Amended Complaint is 16-pages long, identifies 18 defendants, all save two (Defendants Liv Morgan and the Social Security Administration) are patently private actors. (ECF No. 6). On the face of the Amended Complaint, Plaintiff asserts three claims for relief. The substance of the claims themselves, however, are nearly impossible to decipher. For example, Plaintiff's claim 1 asserts, "I was a unlimited customer with a black card and the Neverland resort [unintelligible] treated asserting an individual claim personal and official punitive damages and compensatory damages." (ECF No. 6). Plaintiff also discusses "Ben Aflec Bateman pressing

2

hate crime infringement charges." *Id.* at p. 6. It is unclear whether Plaintiff intended for his allegations against Ben Affleck to be a separate claim or part of claim 1. In any event, those allegations then devolve into a stream of consciousness. *Id.* With respect to claim 1, Plaintiff says "all [his] federal rights were violated [his] constitutional because of [him] being a." *Id.*

Plaintiff's second and third claims fare no better. Plaintiff's second claim discusses the Givenchy clothing brand, accuses the brand of favoring other states over Arkansas, and makes various other claims about the brand itself. *Id.* at p. 8. Again, Plaintiff alleges a violation of "[his] constitutional rights." *Id.* Third, as the Court understands it, Plaintiff says that Paris Hilton and the Double Tree Hotel in Little Rock, Arkansas, violated his constitutional rights by "towing [his] property off the premises." *Id.* at p. 8.

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v.*

3

*Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

There are several problems with Plaintiff's Amended Complaint—principal among them is that Plaintiff has failed to state a plausible claim for relief in any of the claims described.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, to state a claim for relief, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Sanders*, 199 F.3d 968, 973 (8th Cir. 1999)). "Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F.Supp.2d 1151, 1152 (D. Minn. 2011).

Here, Plaintiff's Amended Complaint plainly fails to comply with Rule 8—Plaintiff has failed to clearly describe the facts of his claims and he has failed to assert a cognizable cause of action.

First, the majority of the 18 defendants identified in the case caption are not mentioned again in the "statement of the case" section of the Amended Complaint. Specifically, Plaintiff fails to assert how Defendants "Back to the Future (the Movie)," "Taylor Swift," "Liv Morgan," "Cardi B.T.," "The Pet Cemetery," "Social Security Administration," "Rowsy," "Michael Myers

(Movie)," or "The Massacres on Haunted Hill Actors," have anything to do with his claims.

Second, turning to the claims themselves, Plaintiff expressly asserts a violation of his constitutional rights. As there is no direct cause of action under the United States Constitution, this Court construes Plaintiff Amended Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising out of the Constitution itself against municipal officials for alleged constitutional violations."). To state a claim under 42 U.S.C. § 1983, however, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under *color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal citation omitted).

Here, Plaintiff has failed to allege any facts to suggest that *any* defendant was operating as *state* actors at the time of the events giving rise to his claims. Further, Plaintiff has failed to assert which constitutional right the Defendants purportedly violated. Thus, to the extent that Plaintiff asserts a claim under Section 1983, such a claim fails as a matter of law.

To the extent that Plaintiff asserts some other cause of action, this Court will not comb through Plaintiff's filings searching for relevant facts to cobble one together for him. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). Rather, having closely

5

reviewed the Amended Complaint, this Court finds that the Amended Complaint—even when liberally construed—fails to articulate any facts or law from which this Court could discern a valid cause of action.

One final matter requires some discussion: This Court previously directed Plaintiff to submit an amended complaint after noting legal and factual deficiencies with the original complaint. (ECF No. 2). The Amended Complaint, however, fares no better than the original. Thus, no further leave to amend is warranted. Instead, this Court recommends that Plaintiff's Amended Complaint, (ECF No. 6), be dismissed without prejudice.

## CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Amended Complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE